# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| Global Vehicles U.S.A., Inc., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:10-cv-01818-JOF |
| Mahindra & Mahindra, LTD., | : | |
| | : | |
| Defendant. | : | |

## OPINION & ORDER

This matter is before the court on Plaintiff's Motion to Stay [45] and Plaintiff's

Notice [46].

Plaintiff Global Vehicles U.S.A., Inc. filed the present suit on June 14, 2010 against

Defendant Mahindra & Mahindra, LTD. Plaintiff is engaged in the business of distributing

motor vehicles in the United States. Defendant is an Indian company, incorporated and

registered under the Indian Companies Act of 1913, and Defendant manufactures motor

vehicles.  In September of 2006, the parties executed a Distributor Agreement, pursuant to

which Plaintiff would distribute Defendant's motor vehicles in the United States. Toward

the end of 2009, the parties had some disputes over the terms of their contract, and their

relationship ended in June 2010. Plaintiff initiated arbitration proceedings on June 11, 2010

pursuant to an Arbitration Clause in the Distributor Agreement. Plaintiff then brought this

suit, originally requesting only injunctive relief. Plaintiff filed an Amended Complaint on July 6, 2010, which added claims for declaratory judgment and for damages for violations of the Automobile Dealers Day in Court Act, 15 U.S.C. § 1222, and of the Georgia Motor Vehicle Franchise Practices Act, O.C.G.A. § 10-1-620 *et seq.*

Along with its original Complaint, Plaintiff filed a Motion for Preliminary Injunction requesting this court enter an injunction that maintained the "status quo" until the pending arbitration proceedings ended. Defendant responded by filing a Motion to Dismiss and a Motion to Compel Arbitration arguing that Plaintiff did not properly serve Defendant, this court did not have personal jurisdiction over Defendant, and that Plaintiff's preliminary injunction claim should be referred to arbitration. Plaintiff then filed its Amended Complaint and, at the same time, a Motion to Expedite Discovery on jurisdictional and service of process issues. Defendant subsequently filed another Motion to Dismiss and Motion to Compel as to the Amended Complaint, again asserting issues with service of process, lack of personal jurisdiction, and the need to refer the issues to arbitration. The court entered an order finding that Defendant was subject to personal jurisdiction, but that it needed more information regarding the sufficiency of service of process. The court allowed Plaintiff to conduct expedited discovery regarding certain service related issues. The court also directed the parties to update the court on the status of the arbitration proceedings that had already been set in motion.

On December 22, 2011, Defendant filed a status report, stating that the parties participated in a preliminary hearing with a three-member Arbitral Tribunal on September 15, 2010. On November 15, 2010, the parties participated in another hearing concerning the scope of the arbitration provision in the parties' agreement and the Tribunal's jurisdiction over the parties' dispute. The Arbitral Tribunal found that it had jurisdiction over all claims between the parties, including those presently before this court. The Tribunal ordered Plaintiff to withdraw or stay all proceedings in this court. After Defendant submitted this status report, Plaintiff requested a status conference with the court. On January 18, 2011, Defendant filed another status report, stating that the Arbitral Tribunal issued a Partial Final Award in which the Tribunal confirmed its holding that those claims filed in this court were within the jurisdiction of the Arbitral Tribunal. At the time of the status reports, Defendant contended that Plaintiff improperly failed to stay or dismiss the present suit based on the Tribunal's order.

On January 19, 2011, Plaintiff filed the present Motion for Stay requesting that the court stay this matter until the completion of the pending arbitration proceedings. Then, on January 21, 2011, Plaintiff informed the court that the Arbitral Tribunal told Plaintiff on January 20, 2011, that Plaintiff needed to discontinue rather than stay the present action. As such, Plaintiff has requested to dismiss the present action without prejudice. Plaintiff's motion is unopposed. As such, Plaintiff's Motion to Stay, which is now a motion to dismiss

3

as modified by Plaintiff's Notice [46], is GRANTED. The Clerk of the Court is DIRECTED

to DISMISS WITHOUT PREJUDICE.

     **IT IS SO ORDERED** this 8th day of February 2011.


             /s   J. Owen Forrester
                J. OWEN FORRESTER
       SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)